IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.C., | : |
|     Plaintiff, | : |
| v. | : Civil Action No. 24-181-RGA |
| TRUSTEE BARBARA HOUSER, | : |
|     Defendant. | : |

E.C.  Pro Se Plaintiff.

## MEMORANDUM OPINION

May 16, 2024
Wilmington, Delaware

*[signature]*
**ANDREWS, U.S. District Judge:**

On February 9, 2024, Plaintiff E.C.,[1] proceeding *pro se* and *in forma pauperis* (D.I. 5), filed his Complaint in this matter. (D.I. 2). He has also filed an Addendum to the Complaint, which was docketed as an Amended Complaint. (D.I. 6). The Court proceeds to screen the Complaint and Addendum pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff, the victim of sexual abuse as a boy scout, received a $3,500 payment as part of an optional expedited distribution scheme set up as part of the Boy Scouts of America and Delaware BSA, LLC's Chapter 11 Bankruptcy Plan of Reorganization.[2] Plaintiff has several issues with the process by which he opted into the expedited distribution scheme, and the ramifications for doing so. He has raised those issues in the Bankruptcy Court, and he does so as well in the instant case.

Plaintiff raises constitutional claims under 42 U.S.C. § 1983, and he names as Defendants the Settlement Trustee, appointed under the Reorganization Plan, the Boy Scout Plan of Reorganization, Zoom Video Communications Inc., and the Scout Settlement Trust.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening

---

[1] Plaintiff's name is under seal given the sensitive nature of the subject matter of this matter.

[2] The Court takes judicial notice of the bankruptcy proceedings.

1

provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

2

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

A plaintiff bringing a § 1983 claim must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49.  None of the Defendants, including the trustee, are state actors for purposes of § 1983.  *See Pinnavaia v. Celotex Asbestos Settlement Trust*, 271 F. Supp. 3d 705, 709 (D. Del. 2017) (holding that a trust created pursuant to a reorganization plan under Chapter 11 of the U.S. Bankruptcy Code and approved by the U.S. Bankruptcy Court was not a governmental actor).  Accordingly, Plaintiff's Complaint to the extent it presents a § 1983 claim is frivolous and fails to state a claim.

Plaintiff cannot bring his complaints about the Reorganization Plan to this Court.  Issues with the Reorganization Plan, to the extent that they can be brought to a Court,

3

must be brought to the United States Bankruptcy Court for the District of Delaware. Defendant's interactions with the Bankruptcy Court are under seal. Nevertheless, the docket makes apparent that he has filed his complaints there. (See, e.g., In re Boy Scouts, No. 20-10343-LSS (Bkr. D. Del.), Docket Items 12071 p.2 (letter from Trustee referring to the "large number of submissions" "filed by claimant E.C."), 12071-1 Exh. B, pp. 11 to 13 of 21 (listing the submissions, and noting that they were resolved at the April [2024] omnibus hearing), 12094, 12095). Except for appeals, issues about the Trustee's operation of the Reorganization Plan are solely within the jurisdiction of the Bankruptcy Court.

Plaintiff names Zoom as a defendant, but he does not state any legal theory in which lack of successful access to bankruptcy proceedings because of Zoom failures are actionable in this Court.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Amendment is futile.

An appropriate Order will be entered.