IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.C., | : |
|     Plaintiff, | : |
| v. | :    Civil Action No. 24-181-RGA |
| TRUSTEE BARBARA HOUSER, et al., | : |
|     Defendants. | : |

## **MEMORANDUM ORDER**

At Wilmington, on this 6th day of December 2024, the Complaint in the above-captioned case having been dismissed on May 16, 2024 (D.I. 8), and this Court having found amendment futile (D.I. 7 & D.I. 8); and

Having carefully reviewed and considered Plaintiff's motion for reconsideration (D.I. 10) and Plaintiff's motion to amend Complaint (D.I. 11);

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (D.I. 10) is **DENIED**. The standard for obtaining relief under Rule 59(e) is difficult for a party to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Here, Plaintiff moves for reconsideration based on new evidence in the form of a witness affidavit regarding alleged sexual abuse. (D.I. 10 at 2.) Yet the offered affidavit does not alter the fact that the relief Plaintiff seeks based on the evidence offered, *i.e.*, an order that the trustee in a bankruptcy proceeding compensate Plaintiff for sexual abuse suffered, remains "solely within the jurisdiction of the Bankruptcy Court" and not this Court. (D.I. 7 at 5.) As such, Plaintiff's motion for reconsideration must be denied.

IT IS FURTHER ORDERED that Plaintiff's motion to amend complaint (D.I. 11) is **DENIED**. As discussed above, this Court found amendment futile when dismissing the Complaint and nothing presented in the amended complaint (*id.*) warrants reconsideration of that assessment; amendment remains futile because the relief Plaintiff seeks remains outside the jurisdiction of this Court.

_____
UNITED STATES DISTRICT JUDGE